# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GENE MITCHELL BRYANT ) | |
| CHARLOTTE ANN BRYANT ) | |
| ) | CASE NO. 13-11469(1)(7) |
| Debtor(s) ) | |
| ) | |
| ) | |
| ALICIA C. JOHNSON, Chapter 7 Trustee ) | AP No. 14-1005 |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| SANTANDER CONSUMER USA, INC. ) | |
| ) | |
| Defendant(s) ) | |
| ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Joint Motion of Plaintiff Alicia C. Johnson, Trustee ("Trustee") and Defendant Santander Consumer USA, Inc. ("Santander") to Reconsider the Court's Order of October 1, 2014, denying the Trustee's Motion for Summary Judgment. The Court, finding that the parties request raises meritorious concerns warranting this Court's reconsideration of the October 1, 2014 Order, hereby **GRANTS** the Joint Motion and issues this Memorandum-Opinion and accompanying Order on the Trustee's Motion for Summary Judgment, Dkt. 328 and the Objection to Trustee's Motion for Summary Judgment and Cross-Motion for Summary Judgment of Santander, Dkt. #32. The Court considered the entire record and the parties' filings herein. For

the following reasons, the Court will **DENY** the Trustee's Motion for Summary Judgment and **GRANT** the Cross-Motion for Summary Judgment of Santander.

## INTRODUCTION

On July 25, 2014, the Trustee and Santander filed an Agreed Order continuing the trial in this matter in which the parties stated that they had "stipulated to the facts in this case and believed their differences are ripe for summary judgment, competing briefs having been filed." Agreed Order, ¶ 3. The following are the undisputed facts as set forth by the parties in their briefs.

## UNDISPUTED FACTS

Debtor, Gene Mitchell Bryant, lives in Green County, Kentucky and has so at all relevant times to this matter. On February 24, 2012, Debtor purchased and took possession of a new 2011 Ford Ranger, VIN #1FTLR4FE3BPB20477 (hereinafter "the Vehicle") from Don Franklin Ford. Kentucky title #120580010019 on the Vehicle was issued on February 27, 2012.

On July 9, 2013, Debtor refinanced the Vehicle through Don Franklin Ford and signed a note, security agreement and a title lien statement. The note and security agreement were assigned that same day to Santander Consumer USA, Inc.

On July 30, 2013, Sheri Whittlow, Deputy County Clerk for Green County, Kentucky, placed Santander Consumer USA, Inc.'s lien on Kentucky title #120580010019 on the Vehicle by processing the requisite paperwork in the AVIS and BIS systems. The file number/notation number for the transaction was 1305489. As soon as the paperwork was complete, no one could obtain title to the Vehicle without obtaining a lien release from Santander Consumer USA, Inc. The Vehicle could not be transferred without obtaining a lien release.

The original title to the Vehicle was printed on February 27, 2012.  At that time, Santander Consumer USA, Inc. was not a secured creditor and was not on the title.  On July 30, the Green County Deputy Clerk placed Santander's lien on title #120580010019, notation no. 1305489.

On September 10, 2013, Debtor refinanced the Vehicle and signed another title lien statement.

On September 12, 2013, Debtor applied for a duplicate title.  At that time, he surrendered title #120580010019.  Sheri Whittlow processed the paperwork.  Once title #120580010019 was surrendered to the County Clerk's Office, duplicate title #132550440001 was issued.  The file number/notation number for the September 12, 2013 transaction was 1305672.  Once the original title was surrendered, it was destroyed and no copy of it exists.

On September 12, 2013, duplicate title #132550440001 was issued.  The title bears the name of the lienholder, mailing address and zip code, the date the lien was noted, the notation number and the county in which the security interest was noted.  The duplicate title incorrectly identifies the first lienholder as CTB, P. O. Box 219, Campbellsville, KY 42719 with a notation number of 1305489.  The second lienholder is listed as Santander Consumer, P. O. Box 25120, Lehigh Valley, PA 18002-5120 with notation number 1305672.  Both notation numbers refer exclusively to Santander Consumer.

CTB was never a lienholder on the Vehicle and has never had an interest in the Vehicle.  At no time was any money owed by either of the Debtors to CTB on the Vehicle.  CTB did not defend this action and a default judgment was entered against it on March 31, 2014.

On December 5, 2013, Debtor Gene Mitchell Bryant and his wife, Charlotte Ann Bryant, filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code in

the Western District of Kentucky. On or about December 5, 2013, Alicia C. Johnson was appointed as the Interim Trustee.

On February 14, 2014, Trustee initiated this adversary proceeding against the Debtors, Santander Consumer USA, Inc. and Community Trust Bank. The Trustee seeks an adjudication that the lien of Santander Consumer USA, Inc. is voided as a preferential transfer.

## LEGAL ANALYSIS

The issue before the Court is whether the Trustee may use her avoidance powers pursuant to 11 U.S.C. § 544 to recover the value of the Vehicle for the estate pursuant to 11 U.S.C. § 551. The Trustee contends that since the duplicate title erroneously lists CTB as the first lienholder and erroneously lists Santander Consumer USA, Inc.'s name as "Santander Consumer" as the second lienholder on the duplicate title, that its interest was never properly perfected pursuant to KRS §186A.190(6). That statute requires the county clerk to insure that the certificate of title bears the lienholder's name, mailing address and zip code, the date the lien was noted, the notation number and the county in which the security interest was noted. According to the Trustee, since the duplicate title lists CTB as the first lienholder and not Santander Consumer USA, Inc., but rather only "Santander Consumer" as the second lienholder, the lien was not perfected.

Trustee correctly cites to *Johnson v. Branch Banking & Trust Co.*, 313 S.W.3d 557 (2010), for the proposition that lien perfection occurs when physical notation is made on the title pursuant to KRS §186A.190 and not when the required paperwork and fees are submitted to the county clerk. Also, as Trustee notes, "under Kentucky law any deficiency in the process of perfection is to be resolved against the creditor, who must bear the responsibility if the proper filing is not accomplished." *PHH Mortgage Services v. Higgason*, 345 B.R. 584 (E.D. Ky. 2006).

The problem for the Trustee, however, is that the paper trail as set forth by Santander in its brief and the deposition of Sheri Whittlow, establish that Santander perfected its lien on July 30, 2013 when the Clerk noted the lien on the certificate of title. Santander is not claiming that perfection of its lien occurred when it submitted the proper paperwork and fees to the Clerk. The records of the Deputy County Clerk for Green County, Kentucky show the notation number for the transaction on July 30, 2013 as 1305489, the number for Santander. The Court's ruling is made more difficult by the fact that Santander, nor anyone else in the case, has a copy of the original certificate of title which would have shown Santander listed as the first lienholder. However, there is no evidence that Santander's lien was released.

The problem occurred when the duplicate title was requested by the Debtor and the Clerk erroneously listed CTB as the first lienholder. The purpose for identifying a lienholder on a certificate of title is to provide inquiry notice so that any party that wants to determine if a lien exists on a motor vehicle, need only look at the certificate of title and followup with the lienholder at the address provided on the title. *In re Farley*, 387 B.R. 751, 757 (Bankr. S.D. Ohio 2008). As Trustee determined when she reviewed the duplicate title and contacted CTB, CTB had no interest whatsoever in the Vehicle. Because CTB never perfected a lien on the Vehicle, for all practicable purposes, Santander was the first lienholder.

Sheri Whittlow testified that when the full name of a lienholder does not fit in the space provided on the certificate of title, the Clerk's office shortens the name. Here, the name of Santander Consumer USA, Inc. was shortened to "Santander Consumer." In *Farley,* the Court noted that less precision with respect to the names of secured creditors is required on financing statements, than the name of the debtor on financing statements because the identification of the secured creditor

-5-

is to provide inquiry notice. Using a shortened version of the name is not seriously misleading. *Farley,* 387 B.R. at 757. The same applies to the name of a secured party on the certificate of title. Here, the notation numbers referred to Santander Consumer USA, Inc. and the mailing address and zip code for Santander Consumer were correct and the same for Santander Consumer USA, Inc. There is no evidence that the lien was ever released. If the Trustee had made inquiry on Santander Consumer at the address listed on the certificate of title, she would have learned of Santander Consumer USA, Inc.'s lien on the Vehicle. Santander's lien was perfected in July 2013 and carried forward to the duplicate title because it was never released.

Trustee's reliance on Judge Wise's Opinion in *In re Godsey*, 2012 WL 86778 (Bankr. E.D. Ky.) is misplaced. The facts of that case are distinguishable from the matter at bar. In that case, only one lienholder was listed on the certificate of title and it listed a completely different creditor's name than the actual lienholder. In this case, the listing of CTB as the first lienholder was inconsequential since CTB had no lien interest whatsoever in the Vehicle. The Court believes that Santander complied with the requirements of KRS §186A.190 as evidenced by the testimony of Sheri Whittlow, the title lien statement processed July 30, 2013 and the Clerk's records which show Santander paid the Green County Clerk the $22 recording fee. The fact that the original title was destroyed by the Clerk's office does not equate to a finding that Santander did not perfect its lien on July 30, 2013 or that the lien was ever released. The records show otherwise and the perfected lien of Santander carried forward to the duplicate certificate of title. Accordingly, the Trustee's Motion for Summary Judgment must be **DENIED** and Santander's Cross-Motion for Summary Judgment is **GRANTED**.

## **CONCLUSION**

For all of the above reasons, the Motion for Summary Judgment of Plaintiff Trustee Alicia C. Johnson is **DENIED** and the Cross-Motion for Summary Judgment of Defendant Santander Consumer USA, Inc. is **GRANTED**.  An Order accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 8, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GENE MITCHELL BRYANT | ) | |
| | ) | CASE NO. 13-11469(1)(7) |
| Debtor(s) | ) | |
| ALICIA C. JOHNSON, Chapter 7 Trustee | ) | AP No. 14-1005 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC. | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Plaintiff Alicia C. Johnson, Trustee, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Cross-Motion for Summary Judgment of Santander Consumer USA, Inc., be and hereby is, **GRANTED**.

This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 8, 2014